RENDERED: MARCH 13, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2025-CA-0428-MR

MAJED KHARBOUTLI                                          APPELLANT

APPEAL FROM BOONE CIRCUIT COURT
v.          HONORABLE RICHARD A. BRUEGGEMANN, JUDGE
ACTION NO. 18-CI-00089

FOUR SEASONS SOLAR
PRODUCTS, LLC; MIKE RITCHIE;
AND VANGUARD HOME
INNOVATIONS INC. D/B/A FOUR
SEASONS SUNROOMS                                         APPELLEES

OPINION
REVERSING AND REMANDING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; ACREE AND McNEILL, JUDGES.

THOMPSON, CHIEF JUDGE: Majed Kharboutli appeals from an order of the

Boone Circuit Court which dismissed Four Seasons Solar Products, LLC from his

cause of action pursuant to Kentucky Rules of Civil Procedure (CR) 12.02(f). We

believe the trial court erred in dismissing Four Seasons Solar pursuant to CR

12.02(f); therefore, we reverse and remand for additional proceedings.

## FACTS AND PROCEDURAL HISTORY

Mike Ritchie owns Vanguard Home Innovations, Inc. and is based out of Louisville, Kentucky. He contracts with Four Seasons Solar Products, LLC ("Four Seasons Solar"), a New York based company, to provide materials for the construction of sunrooms. Ritchie alleges he is not employed by Four Seasons Solar, but is an independent contractor. Four Seasons Solar supplies Ritchie with building materials, promotional and marketing materials, blueprints, and commercial contract templates.

On June 13, 2017, Appellant entered into a contract with Ritchie and Vanguard for the construction of a sunroom. The contract was created from a template provided by Four Seasons Solar. A portion of the contract stated as follows:

> The Owner acknowledges and agrees that the Contractor is an Independently Owned and Operated entity licensed to sell the Four Seasons Products Line and is not an agent or affiliate of Four Seasons Solar Products, LLC. The Owner expressly waives any claim against Four Seasons Solar Products, LLC, or its affiliates except as may be expressly set forth in written warranties accompanying the products.[1]

---

[1] The contract defines "Owner" as Appellant and "Contractor" as Vanguard. This section of the contract was bolded and underlined, and it was located just above the signature lines.

Although no start or finish dates were listed in the contract, Appellant wanted the sunroom completed by October 31, 2017. After entering into the contract, Appellant paid Ritchie $38,000 as a down payment.

Ritchie also provided to Appellant a "Scope of Work" document which detailed the specifications of the sunroom and the materials that would be used. Part of this document stated the following: "We have been in business *Continuously* for over 30 years"; "Network of over 300 locations in 25 countries"; and "More than 250,000 sunrooms built." Ritchie stated during his deposition in this case that these statements referred to Four Seasons Solar and not him or Vanguard.

Ritchie and Vanguard did not start on the project and the deposit was used to help pay for the projects of other customers. On January 19, 2018, Appellant filed a complaint against Ritchie, Vanguard, and Four Seasons Solar. Appellant later amended his complaint two times. The final version of the complaint alleges that Ritchie and Vanguard made false statements to fraudulently induce Appellant to enter into a contract with them. He also alleged that Vanguard and Four Seasons Solar violated Kentucky Revised Statutes (KRS) 367.170, Kentucky's Consumer Protection Act. Appellant claimed that Ritchie was an agent of Vanguard and Four Seasons Solar, and used deceptive and misleading

practices in order to procure Appellant's down payment. Appellant also raised claims for breach of contract and punitive damages.

Four Seasons Solar eventually filed a Kentucky Rules of Civil Procedure 12.02(f) failure to state a claim motion seeking to be dismissed from the case. Four Seasons Solar argued that it was not a party to the sunroom contract and that Ritchie was an independent contractor and not an employee. In addition, Four Seasons Solar argued that it made no statements, fraudulent, misleading or otherwise, to Appellant; therefore, it could not have committed fraud or violated KRS 367.170. Finally, Four Seasons argued that Appellant waived all claims against Four Seasons Solar due to the waiver language in the contract.

The trial court agreed with Four Seasons Solar's argument and dismissed them from the case. Appellant, Ritchie, and Vanguard later settled the remaining claims. We note that the settlement did not contain an admission that Ritchie committed fraud. Appellant then brought this appeal regarding Four Season Solar's dismissal.

## ANALYSIS

On appeal, Appellant argues that the trial court erred in granting Four Seasons Solar's CR 12.02(f) motion. We agree.

> Confronted with a CR 12.02(f) motion to dismiss for failure to state a claim, trial courts must assume the truth of all facts pled in the complaint and determine whether, given proof of those facts, the plaintiff would be

-4-

entitled to relief. The motion presents "a pure question of law" and our review is *de novo.*

*Combs v. Spicer*, 686 S.W.3d 151, 155 (Ky. 2024) (citations omitted). In the case at hand, Appellant alleges Ritchie made fraudulent misrepresentations in order to secure the sunroom contract. Appellant alleges that Ritchie promised to have the sunroom completed before October 31, 2017, even though he knew this was not possible. Appellant also claims that the statements previously mentioned in the "Scope of Work" document misled him into believing Ritchie and Vanguard had more experience than they did.

For the purposes of a CR 12.02(f) motion, we must assume these allegations are true. There is also some evidence to support these allegations. Ritchie did not start building the sunroom before October 31, 2017, and used Appellant's downpayment to fund other contracts. In addition, Ritchie stated during his deposition that the "Scope of Work" statements were about Four Seasons Solar and did not refer to him or Vanguard. Assuming these were fraudulent representations, then the sunroom contract, including the waiver section, could be deemed void.[2] This is because "fraud vitiates everything into which it enters." *Veterans Service Club v. Sweeney*, 252 S.W.2d 25, 27 (Ky. 1952).

---

[2] We are not holding that these were fraudulent representations. There has been no finding of fraud in this case at any point. We are assuming fraud for purposes of CR 12.02(f) review.

In addition, Appellant has alleged some facts that Ritchie is an agent of Four Seasons Solar. The complaint and the record indicate that Four Seasons Solar has provided building materials, marketing materials, contracts, blueprints, and other services to Ritchie. This could suggest an agency relationship between Ritchie and Four Seasons Solar. It could also simply be a company providing materials to an independent contractor; however, for purposes of reviewing a CR 12.02(f) decision, we will assume it is the former. If Ritchie is an agent of Four Seasons Solar and made fraudulent statements to secure the sunroom contract, this could create liability for Four Seasons Solar.

> A principal may be held vicariously liable for the [tortious] acts of his or her agent, but generally is not held liable for the conduct of an independent contractor. An individual is the agent of another if the principal has the power or responsibility to control the method, manner, and details of the agent's work. If, however, an individual is free to determine how work is done and the principal cares only about the end result, then that individual is an independent contractor.

*Nazar v. Branham,* 291 S.W.3d 599, 606-07 (Ky. 2009), *as modified on denial of reh'g* (Aug. 27, 2009) (citations omitted); *see also University Medical Center, Inc. v. Beglin*, 375 S.W.3d 783, 792 (Ky. 2011), *as modified on denial of reh'g* (Mar. 22, 2012).

If we assume the sunroom contract is void due to fraudulent representations from Ritchie, and we assume Ritchie is an agent of Four Seasons

-6-

Solar, then it is not impossible for Appellant to prevail. We note, however, that Appellant did not make a claim against Four Seasons Solar for fraud, only for violating KRS 367.170, the Kentucky Consumer Protection Act, and for punitive damages.[3] KRS 367.170(1) states that "[u]nfair, false, misleading, or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." If Ritchie made fraudulent statements in order to cause Appellant to enter into the sunroom contract, then that would also be a violation of KRS 367.170.

## CONCLUSION

In order for Appellant to prevail, he would need to show Ritchie made fraudulent statements in order to secure the sunroom contract. This would void the contract and the waiver language within. If Appellant can prove fraud, then Appellant can show a violation of KRS 367.170. Appellant would then need to prove that Ritchie is an agent of Four Seasons Solar and not an independent contractor. This may be a difficult proposition for Appellant, but it is not impossible. Four Seasons Solar might eventually triumph, but it should not have been dismissed from the case pursuant to a CR 12.02(f) motion. Based on the foregoing, we reverse and remand for additional proceedings.

---

[3] KRS 367.220(1) allows for punitive damages for violations of KRS 367.170. *Craig & Bishop, Inc. v. Piles*, 247 S.W.3d 897, 905 (Ky. 2008).

ALL CONCUR.

BRIEFS FOR APPELLANT:

David H. Steele
Covington, Kentucky

BRIEF FOR APPELLEE FOUR
SEASONS SOLAR PRODUCTS,
LLC:

Paul J. Dickman
Covington, Kentucky